IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**RANDY ALLEN MARLER,**

      Petitioner,

      v.                                             **CASE NO. 20-3247-SAC**

**DONALD LANGFORD, Warden,**
**Ellsworth Correctional Facility,**

      Respondent.

## ORDER TO SHOW CAUSE

This matter is a petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254. The Court has conducted an initial review of the Petition under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts. For the reasons that follow, the Court directs Petitioner to show cause why this matter should not be dismissed.

**Background**

A jury convicted Petitioner in 2008 of rape, aggravated indecent liberties with a child under age 14, and endangering a child. *See State v. Marler*, Case No. 2007–CR–98 (Sumner County District Court). The district court imposed two hard 25 life sentences to be served consecutively. *Id*. Petitioner appealed and the Kansas Supreme Court affirmed both the convictions and the sentences on January 29, 2010. *State v. Marler*, No. 100,820, 290 Kan. 119, 223 P.3d 804 (Jan. 29, 2010).

Petitioner filed a state habeas action under K.S.A. 60-1507 on January 24, 2011, which was denied on April 16, 2012. *Marler v. State*, Case No. 2011CV10 (Sumner County District Court). The denial was affirmed by the Kansas Court of Appeals on October 25, 2013, and the petition for review was denied on August 14, 2014. *Marler v. State*, Case No. 108,722, 2013 WL 5870049 (Kan. Ct. App. Oct. 25, 2013), *rev. denied* (August 14, 2014).

1

Petitioner filed a second state petition on July 13, 2015, which was denied on May 7, 2018. *Marler v. State*, Case No. 2015CV62. The Kansas Court of Appeals affirmed the denial on December 20, 2019, and review was denied on August 31, 2020. *Marler v. State*, No. 119,500, 454 P.3d 620 (Kan. Ct. App. Dec. 20, 2019), *rev. denied* (Aug. 31, 2020). *Id*. Petitioner filed the instant § 2254 petition in this Court on September 30, 2020. (Doc. 1.)

**Discussion**

This action is subject to the one-year limitation period established by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") in 28 U.S.C. § 2244(d). Section 2244(d)(1) provides:

> (d)(1)  A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> (A)  the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B)  the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C)  the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D)  the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

The one-year limitation period generally runs from the date the judgment becomes "final," as provided by § 2244(d)(1)(A). *See Preston v. Gibson*, 234 F.3d 1118, 1120 (10th Cir.

2000). Under Supreme Court law, "direct review" concludes when the availability of direct appeal to the state courts and request for review to the Supreme Court have been exhausted. *Jimenez v. Quarterman*, 555 U.S. 113, 119 (2009). The Rules of the U.S. Supreme Court allow ninety days from the date of the conclusion of direct appeal to seek certiorari. Sup. Ct. R. 13(1). "[I]f a prisoner does not file a petition for writ of certiorari with the United States Supreme Court after [his] direct appeal, the one-year limitation period begins to run when the time for filing a certiorari petition expires." *United States v. Hurst*, 322 F.3d 1256, 1259 (10th Cir. 2003). The limitation period begins to run the day after a conviction becomes final. *See Harris v. Dinwiddie*, 642 F.3d 902, 906–07 n.6 (10th Cir. 2011).

The statute also contains a tolling provision:

> The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(2).

Finally, the one-year limitation period is subject to equitable tolling "in rare and exceptional circumstances." *Gibson v. Klinger*, 232 F.3d 799, 808 (2000) (citation omitted). This remedy is available only "when an inmate diligently pursues his claims and demonstrates that the failure to timely file was caused by extraordinary circumstances beyond his control." *Marsh v. Soares*, 223 F.3d 1217, 1220 (10th Cir. 2000). Circumstances that warrant equitable tolling include "for example, when a prisoner is actually innocent, when an adversary's conduct—or other uncontrollable circumstances—prevents a prisoner from timely filing, or when a prisoner actively pursues judicial remedies but files a deficient pleading during the statutory period." *Gibson*, 232 F.3d at 808 (internal citations omitted). Likewise, misconduct or "egregious behavior" by an attorney may warrant equitable tolling. *Holland v. Florida*, 560 U.S.

631, 651 (2010).  However, "[s]imple excusable neglect is not sufficient." *Gibson*, 232 F.3d at 808 (citation omitted).

Where a prisoner seeks equitable tolling on the ground of actual innocence, the prisoner "must establish that, in light of new evidence, 'it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt.'" *House v. Bell*, 547 U.S. 518, 536–37 (2006) (quoting *Schlup v. Delo*, 513 U.S. 298, 327 (1995)). The prisoner must come forward with "new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial." *Schlup*, 513 U.S. at 324.

Petitioner's conviction and sentence were affirmed by the Kansas Supreme Court on January 29, 2010.  Petitioner had ninety days from the date of the conclusion of direct appeal to seek certiorari.  Where a prisoner declines to seek review in the Supreme Court, the limitation period begins to run the day after the ninety-day period for seeking review in the Supreme Court expires.  *See Harris v. Dinwiddie*, 642 F.3d 902, 906 n.6 (10th Cir. 2011).  Because Petitioner did not seek review in the Supreme Court, his time began to run on or about April 30, 2010, and ran until he filed his first state habeas action on January 24, 2011.  Thus, approximately 279 days ran prior to his first state habeas action, leaving 86 days remaining.  The action was pending until August 14, 2014, when the Kansas Supreme Court denied review.  The limitations period then began to run again and ended on approximately November 10, 2014—well before Petitioner filed his second state habeas action on July 13, 2015.

The instant Petition is not timely and is subject to dismissal unless Petitioner can demonstrate grounds for equitable or statutory tolling.  The Court will direct him to show cause why his Petition should not be dismissed.

**IT IS THEREFORE ORDERED THAT** Petitioner is granted until **November 16, 2020,** in which to show good cause, in writing, to the Honorable Sam A. Crow, United States District Judge, why his habeas claims should not be dismissed due to his failure to commence this action within the one-year limitation period.

**IT IS SO ORDERED**.

**Dated October 22, 2020, in Topeka, Kansas.**

<u>**s/ Sam A. Crow**</u>
**Sam A. Crow**
**U.S. Senior District Judge**