**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

**RANDY ALLEN MARLER,**

                 **Petitioner,**

      **v.**                                            **CASE NO. 20-3247-SAC**

**DONALD LANGFORD,**

                 **Respondent.**

## MEMORANDUM AND ORDER

This matter is a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, filed by Kansas prisoner Randy Allen Marler. Respondent's answer is currently due on May 11, 2022. For the reasons explained below, the Court will stay the deadline for filing the answer and instead direct the parties to file any additional argument they have on the issue of timeliness.

### State Court Proceedings

In 2008, Petitioner was convicted of several crimes and sentenced to two life sentences without possibility of parole for 25 years, also known as a "Hard 25," to be served consecutively. *State v. Marler*, 290 Kan. 119, 120 (2010) (*Marler I*). Petitioner pursued a timely direct appeal and, in an opinion issued on January 29, 2010, the Kansas Supreme Court (KSC) affirmed the convictions and sentences. *Id.* Petitioner did not file a petition for writ of certiorari in the United States Supreme Court. (See Doc. 26, p. 3.)

On January 24, 2011, Petitioner filed a motion seeking habeas relief under K.S.A. 60-1507. *See* Online Records of Sumner County District Court, case number 11-CV-10; (Doc. 26, p. 3-4). After the

district court denied the motion, Petitioner appealed. *See Marler v. State*, 2013 WL 5870049 (Kan. Ct. App. 2013) (unpublished opinion) (*Marler II*), *rev. denied* Aug. 14, 2014. The Kansas Court of Appeals (KCOA) affirmed the denial and, on August 14, 2014, the KSC denied Petitioner's petition for review.

On July 15, 2015, Petitioner filed a second K.S.A. 60-1507 motion, in which he raised 11 issues. *Marler v. State*, 2019 WL 6973449, at *5 (Kan. Ct. App. 2019) (unpublished opinion) (*Marler III*), *rev. denied* Aug. 31, 2020; Online records of Sumner County District Court, case number 15-CV-62; (Doc. 26, p. 4). The district court again denied relief, and Petitioner appealed to the KCOA, which affirmed the denial. *Marler III*, 2019 WL 6973449, at *1. On August 31, 2020, the KSC denied Petitioner's petition for review.

### Federal Court Proceedings

On September 30, 2020, Petitioner filed in this Court a pro se petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Doc. 1.) The Court conducted an initial review of the petition as required by Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts and concluded that the petition was not timely filed. (Doc. 3, p. 1-4.) The Court explained its analysis as follows:

> Petitioner's conviction and sentence were affirmed by the Kansas Supreme Court on January 29, 2010. . . . Because Petitioner did not seek review in the Supreme Court, his time began to run on or about April 30, 2010, and ran until he filed his first state habeas action on January 24, 2011. Thus, approximately 279 days ran prior to his first state habeas action, leaving 86 days remaining. The action was pending until August 14, 2014, when the Kansas Supreme Court denied review. The limitations period then began to run again and ended on approximately November 10, 2014—well before Petitioner

filed his second state habeas action on July 13, 2015.

*Id.* at 4.[1]

Accordingly, the Court issued an order to show cause (OSC), explaining the timing requirements for a § 2254 petition as well the circumstances under which statutory or equitable tolling apply and under which the actual innocence exception to the statute of limitations applies. *Id.* at 5. The Court directed Petitioner to show good cause, in writing, why this matter should not be dismissed as untimely filed. *Id.* at 5.

Petitioner filed a pro se response to the OSC, in which he made five arguments why the Court should not dismiss this case as untimely. (Doc. 4, p. 1-4.) First, Petitioner pointed out that Ground 3 of his petition was a claim that the State withheld material and exculpatory evidence, violating his rights under *Brady v. Maryland*, 373 U.S. 83 (1963). (Doc. 4, p. 2-3.) Ground 3 as articulated in the petition asserted that in 2016, in response to a discovery request made during Petitioner's second 60-1507 proceeding, the State disclosed a recording of law enforcement officers interviewing Petitioner's ex-wife (and the mother of the victim) on May 1, 2007. (Doc. 1, p. 30-31.) Petitioner asserts that in the interview, his ex-wife admits to prior knowledge of and participation in the crimes. *Id.* at 31. Petitioner contends that the State had failed to disclose the interview during the trial or the initial 60-1507 proceeding. *Id.* at 31.

Under 28 U.S.C. § 2241(d)(1)(B), the federal habeas statute of

---

[1] The Court recognizes that its understanding of the specific dates of filing certain documents, etc., has changed since the initial order to show cause, but the minor discrepancies in those dates do not affect the overall analysis of the timeliness of this matter.

limitations "shall run from the latest of . . . the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such state action." In his response to this Court's 2020 OSC, Petitioner argues that under 28 U.S.C. § 2241(d)(1)(B), the federal habeas statute of limitations did not begin to run until the second state habeas proceeding was final, on August 31, 2020. (Doc. 4, p. 2-3.)

Second, Petitioner argues in response to the OSC that his second K.S.A. 60-1507 motion was "a 'direct appeal'" of his first K.S.A. 60-1507 motion, so the two proceedings "should be treated as one 'compound' state-post-conviction review" and toll the limitation period. *Id.* at 2-6. Relatedly, Petitioner's third argument is that the time between the two K.S.A. 60-1507 actions should not count toward the federal habeas limitation period because that time has been held to be included in the definition of "pending" for the purposes of statutory tolling. *Id.* at 2, 6-8; see also 28 U.S.C. § 2244(d)(2) ("The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection."). Fourth, Petitioner argues that under 28 U.S.C. § 2254(b)(1)(A) and (c), he could not have filed his federal habeas petition until his state remedies were exhausted. (Doc. 4, p. 3, 8-10.) And finally, Petitioner argues that equitable tolling was warranted. *Id.* at 10-16.

The Court considered Petitioner's arguments and concluded that a Pre-Answer Response (PAR) limited to the timeliness issue was

appropriate. Accordingly, on June 2, 2021, the Court issued an order directing Respondent to file a PAR addressing the affirmative defense of timeliness. (Doc. 6.) Respondent did so on July 14, 2021, arguing that the petition was time-barred and should be dismissed. (Doc. 9, p. 1.) Respondent argues that equitable tolling is not warranted because Petitioner has not shown that he diligently pursued his claims in state court during the relevant time period or that any external factor beyond Petitioner's control prevented his timely filing. *Id.* at 6-7. Respondent also challenges Petitioner's argument that the delay was due to his efforts to exhaust state-court remedies as required. *Id.* at 7.

Petitioner filed his pro se reply to the PAR on August 31, 2021. (Doc. 11.) He reasserts that his federal habeas petition was not untimely under 28 U.S.C. § 2241(d)(1)(B), or, in the alternative, that equitable tolling is justified. *Id.* Petitioner challenges Respondent's assertions and arguments in the PAR. *Id.* at 3-12.

Shortly thereafter, without ruling on the timeliness issue, the Court ordered Respondent to show cause why the writ should not be granted. (Doc. 12.) However, in September 2021, counsel entered an appearance for Petitioner and moved to file an amended petition. (Docs. 14, 15, and 16.) The Court granted the motion and Petitioner filed his amended petition on April 11, 2022. (Docs. 19 and 26.) He filed a memorandum of law in support on April 12, 2022. (Doc. 27.) Under the Court's previous order, the answer is now due on or before May 10, 2022, and the Petitioner will have 30 days after the answer is filed to file his reply. (See Doc. 21.)

**Discussion**

In the portion of the amended petition dedicated to timeliness, Petitioner asserts that the petition is timely filed and that the Court's action in ordering an answer to the initial petition "implicitly [found] the 2254 petition is deemed to be considered timely filed." (Doc. 26, p. 13.) Petitioner misconstrues the Court's action or lack thereof. The Court recognizes, however, the value in resolving the procedural issue of timeliness prior to requiring Respondent to address the merits of Petitioner's asserted grounds for relief in the amended petition.

The relevant law regarding timeliness are articulated in the Court's October 22, 2020 order to show cause. (Doc. 3.) The Court has reviewed the parties' prior arguments on timeliness. (See Doc. 4, 9, 11, 26.) Because Petitioner is now represented by counsel and the Court wishes to resolve the timeliness issue prior to receiving an answer, the Court will afford the parties a final opportunity to present any additional argument on the timeliness of this action. Neither party need repeat argument he has already made, but may present any additional argument desired, limited to the timeliness of this matter. The Court will stay the filing of the answer pending the parties' filings regarding timeliness. Upon receipt of the parties' filings, the Court will rule on the question of timeliness and, if necessary, will lift the stay and set a due date for Respondent's answer to the amended petition.

**IT IS THEREFORE ORDERED** that the deadline for Respondent's answer is stayed. Petitioner shall file, in writing, on or before May 13, 2022, any additional argument on timeliness he wishes the

Court to consider. Within 30 days of Petitioner's filing, Respondent shall file, in writing, any additional argument on timeliness he wishes the Court to consider. Petitioner's reply to Respondent's response shall be due within 15 days of the filing of Respondent's response. If either party does not wish to file additional argument, he shall so notify the Court, in writing, as soon as possible.

**IT IS SO ORDERED.**

DATED:  This 14th day of April, 2022, at Topeka, Kansas.


S/ Sam A. Crow

SAM A. CROW
U.S. Senior District Judge