**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

RANDY ALLEN MARLER,

**Petitioner,**

v.                                    CASE NO. 20-3247-SAC

DONALD LANGFORD,

**Respondent.**

**MEMORANDUM AND ORDER**

This matter is a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, filed by Kansas prisoner Randy Allen Marler. For the reasons explained below, the Court will dismiss all grounds in the action as time-barred except Ground Three and will direct Respondent to file his Answer to Ground Three on or before July 11, 2022.

**Background**

In May 2008, a jury in Sumner County, Kansas convicted Petitioner of rape, aggravated indecent liberties with a child, and endangering a child. *State v. Marler*, 290 Kan. 119, 120 (2010) (*Marler I*). He was sentenced to two consecutive life sentences without possibility of parole for 25 years. *Id.* Petitioner pursued a timely direct appeal and, in an opinion issued on January 29, 2010, the Kansas Supreme Court (KSC) affirmed the convictions and sentences. *Id.* Petitioner did not file a petition for writ of certiorari in the United States Supreme Court. (See Doc. 26, p. 3.)

On January 24, 2011, Petitioner filed a motion in state court seeking habeas relief under K.S.A. 60-1507 and alleging that his

trial counsel provided unconstitutionally defective assistance, in violation of Petitioner's Sixth Amendment rights. *See* Online Records of Sumner County District Court, case number 11-CV-10; (Doc. 26, p. 3-4). After the district court denied the motion, Petitioner appealed. *See Marler v. State*, 2013 WL 5870049 (Kan. Ct. App. 2013) (unpublished opinion) (*Marler II*), *rev. denied* Aug. 14, 2014. The Kansas Court of Appeals (KCOA) affirmed the denial and, on August 14, 2014, the KSC denied Petitioner's petition for review.

On July 15, 2015, Petitioner filed a second K.S.A. 60-1507 motion. *Marler v. State*, 2019 WL 6973449, at *5 (Kan. Ct. App. 2019) (unpublished opinion) (*Marler III*), *rev. denied* Aug. 31, 2020; Online records of Sumner County District Court, case number 15-CV-62; (Doc. 26, p. 4). The district court again denied relief, and Petitioner appealed to the KCOA, which affirmed the denial. *Marler III*, 2019 WL 6973449, at *1. On August 31, 2020, the KSC denied Petitioner's petition for review.

On September 30, 2020, Petitioner filed in this Court a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Doc. 1.) At the time, Petitioner was proceeding pro se. *See id.* The Court conducted an initial review of the petition as required by Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts and concluded that the petition was not timely filed. (Doc. 3, p. 1-4.) Accordingly, the Court issued an order to show cause, explaining the timing requirements for a § 2254 petition as well as the circumstances required to apply statutory or equitable tolling or the actual innocence exception to the statute of limitations. *Id.* at 5. The Court directed Petitioner to show good cause, in writing, why this matter should not be

dismissed as untimely filed. *Id.* at 5.

Petitioner filed a pro se response to the order to show cause, making several arguments that his petition was timely filed. (Doc. 4.) The Court considered those arguments and concluded that a limited Pre-Answer Response (PAR) was appropriate, so on June 2, 2021, the Court issued an order directing Respondent to file a PAR addressing timeliness. (Doc. 6.) Respondent filed the PAR on July 14, 2021, arguing that the petition was time-barred and should be dismissed. (Doc. 9.) Petitioner filed his pro se reply to the PAR on August 31, 2021. (Doc. 11.)

Shortly thereafter, without ruling on the timeliness issue, the Court ordered Respondent to show cause why the writ should not be granted. (Doc. 12.) However, in September 2021, counsel entered an appearance for Petitioner and moved to file an amended petition. (Docs. 14, 15, and 16.) On October 5, 2021, the Court granted the motion. (Doc. 19.)

In the portion of the amended petition dedicated to timeliness, Petitioner asserts that the petition is timely filed and that the Court's action in ordering an answer to the initial petition "implicitly [found] the 2254 petition is deemed to be considered timely filed." (Doc. 26, p. 13.) This statement misconstrued the Court's action or lack thereof. Accordingly, on April 14, 2022, the Court issued a Memorandum and Order staying the deadline for the answer and setting a schedule for the parties to submit any additional arguments regarding timeliness. (Doc. 28.)

Petitioner filed his response on May 13, 2022 (Doc. 29) and Respondent filed his on June 9, 2022 (Doc. 30). The Court has carefully reviewed the parties' responses to the Memorandum and

Order as well as their prior written arguments on timeliness. For the reasons explained below, concludes that, except for Ground Three, all grounds for relief in this matter must be dismissed as time-barred.

**Analysis**

This action is subject to the one-year limitation period established by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") in 28 U.S.C. § 2244(d). Section 2244(d)(1) provides:

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to case on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

The one-year limitation period generally runs as calculated under subsection (A), from the day after direct review concludes and the judgment becomes "final." *See Harris v. Dinwiddie*, 642 F.3d 902-07 n.6 (10th Cir. 2011); *Preston v. Gibson*, 234 F.3d 1118, 1120

(10th Cir. 2000). As the Court has previously explained, if the 1-year limitation period is calculated under section (d)(1)(A), this matter was untimely filed.

The KSC affirmed Petitioner's conviction and sentence on January 29, 2010. Because he did not seek review by the United States Supreme Court, the one-year federal habeas limitation period began to run the day after the time to seek such review expired on May 1. *See United States v. Hurst*, 322 F.3d 1259 (10th Cir. 2003) ("[I]f a prisoner does not file a petition for writ of certiorari with the United States Supreme Court after [his or her] direct appeal, the one-year limitation period begins to run when the time for filing certiorari petition expires."); Sup. Ct. R. 13(1) (allowing 90 days to file petition for writ of certiorari).

The federal habeas limitation period ran until Petitioner filed his first 60-1507 action on January 24, 2011, approximately 278 days later. At that point, the limitation period was statutorily tolled. *See* 28 U.S.C. § 2244(d)(2). The 60-1507 action concluded when the KSC denied review on August 14, 2014, at which point the federal habeas limitation period resumed. It expired approximately 87 days later, on November 11, 2014, well before Petitioner filed his second 60-1507 action in July 2015 and also well before Petitioner filed this federal habeas petition on September 30, 2020.

**When the limitation period began running**

Petitioner argues that subsection (B), rather than (A), controls so the one-year limitation period did not begin until after his second K.S.A. 60-1507 matter concluded. Under subsection (B), the federal habeas limitation period begins running on "the date on which the impediment to filing an application created by State

action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action." 28 U.S.C. § 2244(d)(1)(B).

Petitioner points out that in Ground Three of his amended petition, he claims that the State withheld material and exculpatory evidence, violating his rights under *Brady v. Maryland*, 373 U.S. 83 (1963). More specifically, Ground Three asserts that Petitioner's ex-wife made a recorded statement to law enforcement on May 1, 2007 which could have been used to impeach her at trial but which the State did not turn over to Petitioner until some point during the second 60-1507 proceedings. (Doc. 27, p. 36-37.) The exact date of disclosure remains unclear,[1] but Petitioner argues that because of this late disclosure, which he alleges violated *Brady*, the one-year federal habeas statute of limitations did not begin to run until the conclusion of his second 60-1507 proceeding in 2020. Thus, he argues, this matter is timely filed.

The Court pauses to clarify the way in which 28 U.S.C. § 2244(d)(1)(B) is applied. Petitioner appears to believe that if he succeeds on his argument that Ground Three triggers the application of 28 U.S.C. § 2244(d)(1)(B), *all* of the claims in his amended petition are timely. But the Tenth Circuit has held that "§ 2241(d)(1) should be applied on a claim-by-claim basis." *Burks v. Raemisch*, 680 Fed. Appx 686, 690 (10th Cir. 2017). "A contrary rule would be nonsensical—'a late-accruing federal habeas claim would open the door for . . . other claims that had become time-barred years earlier.'" *Id.* (quoting *Prendergast v. Clements*, 699 F.3d

---

[1] The initial petition in this matter stated that the State did not disclose the recording until 2016 and the KCOA stated that Petitioner "assert[ed] that it is undisputed that the State did not disclose the tape until August 2016." *See* (Doc. 1, p. 31.); *Marler III*, 2019 WL 6973449, at *14.

1182, 1187 (10th Cir. 2012)).

Other than Ground Three, the grounds for relief articulated in the amended petition argue that Petitioner's Sixth Amendment right to effective assistance of trial counsel was violated. Ground One is based on trial counsel's failure to timely communicate a plea offer, Ground Two on trial counsel's failure to file a motion to suppress certain in-custody statements to law enforcement, Ground Four on trial counsel's failure to challenge an allegedly jurisdictionally defective complaint, and Ground Five on the cumulative effect of trial counsel's errors. (Doc. 26, p. 7-8, 15-16.) These arguments are unrelated to and unaffected by the State's alleged withholding of the recording of the 2007 statement.

Put another way, even assuming solely for the sake of argument that the State violated Petitioner's rights under *Brady* by suppressing the recorded statement until 2016, that suppression did not impede Petitioner's ability to file a timely federal habeas action seeking relief on the grounds now asserted in Grounds One, Two, Four, and Five. Thus, 28 U.S.C. § 2244(d)(1)(B) does not apply to these claims. Rather, 28 U.S.C. § 2244(d)(1)(A) applies, and as this Court has previously explained, analysis under subsection (A) means that the claims were untimely filed.

In his response to the Court's most recent order, Petitioner argues that the second 60-1507 proceeding, which was timely filed under Kansas state law governing 60-1507 motions, should have tolled the federal habeas statute of limitations. (Doc. 29.) As Respondent notes in his response, this argument misses the mark because by the time Petitioner filed his second 60-1507 petition in state court, the federal habeas statute of limitations had already expired. (See

Doc. 30, p. 1-2.) Whether the second 60-1507 petition was timely under state law does not alter this fact. The timeliness of Petitioner's second 60-1507 proceeding does not affect whether his current federal habeas petition was timely filed.

Petitioner's arguments that Grounds One, Two, Four, and Five are otherwise timely based on equitable tolling or the actual innocence exception to the statute of limitations are addressed separately below. First, however, the Court will return to the applicability of 28 U.S.C. § 2244(d)(1)(B) to Ground Three.

Again, subsection (B) provides that the one-year federal habeas limitation period may begin on "the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action." 28 U.S.C. § 2244(d)(1)(B). Petitioner asserts that the interview recording was disclosed by the State only during his second 60-1507 proceeding.

Respondent argues in his response to the Memorandum and Order that there is no evidence the recording was not timely disclosed. (Doc. 30, p. 2-3.) At this point in the proceedings, however, when the Court does not have the state-court records before it and Respondent has not yet filed an answer, the question is not whether the evidence is sufficient to show untimely disclosure. *See* Rule 4 of the Rules Governing Section 2254 Case in the United States District Courts. Rather, the Court is determining whether "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." *Id.* Thus, because Petitioner filed his federal habeas petition less

than one month after the 60-1507 proceedings during which he asserts he learned about the recording concluded, this petition, with respect to Ground Three only, appears at this point to have been timely filed.

**Other Timeliness Arguments**

Petitioner asserts three additional reasons why his federal habeas petition should be deemed timely: (1) his second 60-1507 proceeding was a "direct appeal" of his first 60-1507 proceeding, so the time from the filing of the first to the completion of the second should be statutorily tolled; (2) the exhaustion requirement in AEDPA prohibited him from filing his federal habeas petition until he exhausted all state-court remedies by completing his second 60-1507 proceeding; and (3) equitable tolling is warranted by the actions of his first 60-1507 counsel and his own diligent efforts to pursue his federal habeas claims. As explained above, Ground Three is not subject to dismissal as untimely at this point in these proceedings, so analysis of these arguments as they apply to Ground Three is unnecessary. As they apply to the remaining asserted grounds for relief, however, the Court will address each in turn.

**The relationship between the two 60-1507 proceedings**

Petitioner argues that his second K.S.A. 60-1507 motion was "a 'direct appeal'" of his first K.S.A. 60-1507 motion, so the two proceedings "should be treated as one 'compound' state-post-conviction review" and toll the limitation period. (Doc. 4, p. 2-6.) Relatedly, he argues that the time between the two K.S.A. 60-1507 actions should not count toward the federal habeas limitation period because that time has been held to be included in the definition of "pending" for the purposes of statutory tolling while

"a properly filed application for State . . . collateral review . . . is pending." *Id.* at 2, 6-8; s*ee also* 28 U.S.C. § 2244(d)(2).

Both of these arguments are unavailing. First, there is no legal authority to support the assertion that a second 60-1507 proceeding is a "direct appeal" from an earlier 60-1507 proceeding. Although a second K.S.A. 60-1507 proceeding may challenge the effectiveness of counsel in a prior 60-1507 proceeding, this does not render the second action a "direct appeal." *Cf. Overton v. State*, 2015 WL 1636732, *2 (Kan. Ct. App. 2015) (unpublished opinion)(rejecting argument that construed a 60-1507 proceeding as a direct appeal of the criminal conviction), *rev. denied* Oct. 7, 2015. Rather, "'direct appeal' is a legal term of art with a well-recognized meaning, especially regarding criminal prosecutions. The term refers to an appeal from the judgment of conviction in a criminal case in contrast to a habeas corpus challenge considered to be collateral to or separate from the criminal case." *Id.*

Petitioner's second 60-1507 proceeding collaterally attacked his criminal conviction and alleged ineffective assistance of counsel in his first 60-1507 proceeding, among other things. It did not, as he asserts "reopen[] the first 60-1507 petition for collateral attack," just as the filing of the first 60-1507 petition did not "reopen" the criminal case. The challenge to his first 60-1507 counsel does not render the second 60-1507 proceeding a direct appeal. *See also* K. Sup. Ct. R. 183(c)(3) ("A proceeding under K.S.A. 60-1507 ordinarily may not be used as a substitute for direct appeal . . . .").

Petitioner directs the Court to *Jiminez v. Quarterman*, 535 U.S. 113 (2009), which held that when a state court grants an

untimely direct appeal, the underlying conviction is reopened and the federal habeas limitation period is reset. (Doc. 4, p. 5.) But unlike the situation in *Jiminez*, the Kansas state courts did not grant Petitioner an untimely direct appeal in either of his 60-1507 proceedings. This material difference means that *Jiminez* does not require this Court to reset the federal habeas limitation period.

Petitioner's misunderstanding of the legal term of art "direct appeal" and his belief that a 60-1507 proceeding is an "appeal" from either the conviction or a prior 60-1507 proceeding also prove fatal to his argument that the time between the first and second 60-1507 proceedings is tolled under 28 U.S.C. § 2244(d)(2). Section 2244(d)(2) provides: "The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection."

Petitioner cites *Carey v. Saffold*, 536 U.S. 214, 217 (2002), in which the United States Supreme Court examined "California's unique state collateral review system—a system that does not involve a notice of appeal, but rather the filing (within a reasonable time) of a further original state habeas petition in a higher court." (Doc. 4, 6-7.) As with *Jiminez*, *Carey* is materially distinguishable from Petitioner's circumstances, so it does not control here.

Unlike California, Kansas' collateral review system involves filing a notice of appeal. See Kan. S. Ct. R. 183(k) ("As in a civil case, an appeal may be taken to the Court of Appeals from the order entered on a motion to vacate, set aside, or correct a sentence."). In *Carey*, the United States Supreme Court recognized that "the time

between a lower state court's decision and the filing of a notice of appeal to a higher state court" is covered by the word "pending" in 28 U.S.C. § 2244(d)(2).[2] 536 U.S. at 217, 221. It proceeded to consider how the statute applied to systems like California's, where *instead of* a notice of appeal, petitioners faced with a lower court denial must file an original writ in a higher court. *Id.* at 221. In those circumstances, the United States Supreme Court held, "intervals between a lower court decision and a filing of a new petition in a higher court [are] within the scope of the statutory word 'pending.'" *Id.* at 223.

The holding in *Carey* has no application to Petitioner's case. Separate and distinct proceedings, even when both are brought under K.S.A. 60-1507, are not analogous to the original petitions considered in *Carey* which a California habeas petitioner must utilize to seek appellate review of a lower court's ruling. Rather, the intervals between a California lower court's denial and filing of an original writ in a higher court equate to the intervals between a Kansas lower court's denial and the filing of a notice of appeal to a higher court. As recognized in *Carey*, those intervals are already included in the meaning of the word "pending." The time between separate and distinct 60-1507 proceedings, however, is not.[3]

---

[2] Petitioner asserts in his response to the initial order to show cause that "[e]very circuit court that has considered the definition of 'pending' for the purposes of § 2244(d)(2) has ruled similarly" to his proposition that "pending" "is meant to span multiple state habeas petitions as long as the state accepts them as properly filed and timely." (Doc. 4, p. 7-8.) Contrary to Petitioner's assertion, however, the cases he cites simply rejected the argument that cases are *not* pending "during the interval between a lower court's entry of judgment and the timely filing of a notice of appeal (or petition for review) in the next court." *See id.* at 219, 221 (articulating California's argument and noting that all Circuits to consider that argument had rejected it).

[3] Notably, even in California, "the time between separate rounds of collateral attack is not tolled." *See Herrera v. California*, 2016 WL 792815, *4 (E.D. Cal. March 1, 2016)(unpublished report and recommendation)(citing *Banjo v. Ayers*, 614 F.3d 964, 968 (9th Cir. 2010)).

Petitioner also cites *Barnett v. LeMaster*, 167 F.3d 1321, 123 (10th Cir. 1999), in which the Tenth Circuit held that "pending" is broadly construed "to encompass all of the time during which a state prisoner is attempting, through proper use of court procedures, to exhaust state court remedies with regard to a particular post-conviction application." (Doc. 4, p. 8.) *Barnett* does not help Petitioner either, however, because during the time between the final order in his first 60-1507 proceeding and his filing of the second 60-1507 proceeding, Petitioner had no "particular post-conviction application" pending in the Kansas state courts.

Thus, Petitioner's argument that the federal habeas limitation period was tolled during the time between the two 60-1507 proceedings fails.

## The exhaustion requirement

Petitioner also argues that under 28 U.S.C. § 2254(b)(1)(A) and (c), he could not have filed his federal habeas petition until his state remedies were exhausted. (Doc. 4, p. 3, 8-10.) Those statutory subsections provide:

> (b)(1) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that—
> (A) the applicant has exhausted the remedies available in the courts of the State . . .
> . . .
> (c) An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented."

28 U.S.C. § 2254.

First, as Respondent has pointed out, the claims in Petitioner's second 60-1507 proceeding as it was originally filed

concerned the effectiveness of counsel during his first 60-1507 proceedings. (See Doc. 9.) Those claims cannot be the basis for federal habeas relief. 28 U.S.C. § 2254(i)("The ineffectiveness or incompetence of counsel during Federal or State collateral post-conviction proceedings shall not be a ground for relief in a proceeding arising under section 2254."). Thus, there was no need for Petitioner to wait until those claims were exhausted.[4]

Second, Petitioner's contention that he could not *file* the present petition until he had exhausted his state remedies is not entirely accurate. The plain language of the statute prevents *granting* a writ of habeas corpus when state-court remedies remain unexhausted, not filing a petition for the writ. When a petitioner files a federal habeas petition that contains unexhausted claims, a federal district court may, in appropriate circumstances, stay the petition and hold it in abeyance while the petitioner exhausts state-court remedies. *See Wood v. McCollum*, 833 F.3d 1272, 1273 (10th Cir. 2016); *see also Rhines v. Weber*, 544 U.S. 269, 277-78 (2005). Thus, pre-exhaustion filing is not statutorily prohibited and Petitioner's assertion to the contrary fails.

### Equitable tolling

Finally, Petitioner asserts that if the Court rejects his prior arguments and finds that the petition was statutorily untimely, he is entitled to equitable tolling. (Doc. 4, p. 10.) The one-year

---

[4] Petitioner has argued to this Court that if his "second state habeas petition [had] been granted by the state court, it would have overturned the same criminal conviction" as challenged in his first 60-1507 motion. (Doc. 11, p. 6.) This is not entirely accurate. If Petitioner had been successful on his claims that counsel in his first 60-1507 was ineffective, the remedy is not reversal of his criminal conviction, but a reversal of the denial of the first 60-1507 motion and remand for further proceedings. *See Stanton v. State*, 2008 WL 1847667, *4 (Kan. Ct. App. 2008) (unpublished opinion) ("Given our finding of K.S.A. 60-1507 counsel's ineffectiveness . . . we reverse the district court's denial of the motion and remand for an evidentiary hearing.").

limitation period is subject to equitable tolling "in rare and exceptional circumstances." *Gibson v. Klinger*, 232 F.3d 799, 808 (10th Cir. 2000) (citation omitted). This remedy is available only "when an inmate diligently pursues his claims and demonstrates that he failure to timely file was caused by extraordinary circumstances beyond his control." *Marsh v. Soares*, 223 F.3d 1217, 1220 (10th Cir. 2000).

Circumstances that warrant equitable tolling include, "for example, when a prisoner is actually innocent, when an adversary's conduct—or other uncontrollable circumstances—prevents a prisoner from timely filing, or when a prisoner actively pursues judicial remedies but files a deficient pleading during the statutory period." *Gibson*, 23 F.3d at 808 (internal citations omitted). Likewise, misconduct or "egregious behavior" by an attorney may warrant equitable tolling. *Holland v. Florida*, 560 U.S. 631, 651 (2010). However, "[s]imple excusable neglect is not sufficient." *Gibson*, 232 F.3d at 808 (citation omitted).

The relevant time frame is the time during which the limitation period was running. For example, in this matter, the federal habeas limitation period began to run on or about May 1, 2010. It ran until Petitioner filed his first 60-1507 motion on January 24, 2011, when it was statutorily tolled until the first 60-1507 proceeding was final on August 14, 2014. The federal habeas limitation period then resumed and it expired on November 11, 2014.

Because the federal habeas limitation period had not begun during Petitioner's direct appeal and it was statutorily tolled during his first 60-1507 proceeding, Petitioner need not show that equitable tolling is warranted for that time. Rather, the focus is

on whether equitable tolling applies during other times, such as the time between Petitioner's direct appeal becoming final and his filing of the first 60-1507 motion or the time between the conclusion of his first 60-1507 proceeding and the beginning of his second.

Petitioner contends that he diligently pursued his claims. (Doc. 4, p. 11-14.) He asserts that at some point during or after his direct appeal, he hired a private investigator to begin preparing for his first 60-1507 proceeding. *Id.* at 11. Petitioner then hired an attorney to prepare his 60-1507 motion, but nearly a year later, the attorney quit without preparing the motion and without refunding Petitioner's money. *Id.* Petitioner then "hastily" wrote and filed his 60-1507 motion pro se. *Id.*

Petitioner argues that this abandonment by counsel justifies equitable tolling under *Maples v. Thomas*, 565 U.S. 266, 281-82 (2012), and *Davison v. McCollum*, 696 Fed. Appx. 859, 861 (10th Cir. 2017). (Doc. 11, p. 10.) But Petitioner has not provided dates on which his initial 60-1507 attorney was retained, when she terminated their attorney-client relationship, or even when Petitioner realized she was no longer working on his case. Without those dates, even assuming solely for the sake of argument that the Court found that that situation warranted equitable tolling, the Court cannot determine what, if any, time should be equitably tolled.

Petitioner also asserts that the misconduct of later counsel in his first 60-1507 proceeding warrants equitable tolling. (Doc. 4, p. 16.) In support, Petitioner cites *Martinez v. Ryan*, 566 U.S. 1 (2012), and *Edwards v. Carpenter*, 529 U.S. 452 (2000), which address the procedural default that occurs when a petitioner fails

to exhaust state-court remedies and those remedies are no longer available. The issue now before the Court is timeliness, not procedural default of unexhausted claims.

Petitioner cites *Holland v. Florida*, 560 U.S. 631` (2010), for the proposition that the federal habeas limitation period may be equitably tolled where "the egregious misconduct of habeas counsel directly caused the chain of events that ultimately delayed the filing of the petitioners' federal § 2254 habeas applications." (See Doc. 4, p. 15.) But in *Holland*, the "egregious misconduct" included misrepresenting the applicable law and ignoring the petitioner's requests to timely file a § 2254 petition. *Holland*, 560 U.S. at 635-42. Petitioner has made no such allegations here. Rather, he focuses on the alleged incompetence of his 60-1507 counsel in the 60-1507 proceedings without explaining how it impeded his efforts to timely file a federal habeas petition. Thus, Petitioner has not shown the type of rare circumstances that justify equitable tolling.

## Conclusion

For these reasons, the Court concludes that the present petition, with the exception of Ground Three, is time-barred under 28 U.S.C. § 2244(d). The Court will therefore dismiss all arguments in this matter except Ground Three as untimely.

With respect to Ground Three, the Court finds that:

1. Petitioner is presently a prisoner in the custody of the State of Kansas; and

2. Petitioner demands his release from such custody, and grounds therefore alleges that he is being deprived of his liberty in violation of his rights under the Constitution

of the United States, and he claims that he has exhausted all remedies afforded by the courts of the State of Kansas.

**IT IS THEREFORE ORDERED**

1. That Grounds 1, 2, 4, and 5 of the amended petition are **dismissed** as time-barred.

2. That Respondent is hereby required to show cause within thirty (30) days from the date of this order why the writ should not be granted based on the arguments in Ground 3.

3. That the response should present:

   a. The necessity for an evidentiary hearing on Ground 3 as alleged in Petitioner's pleading; and

   b. An analysis of each of said grounds and any cases and supporting documents relied upon by Respondent in opposition to the same.

Respondent shall cause to be forwarded to this court for examination and review the following:

The records and transcripts, if available, of the criminal proceedings complained of by Petitioner; if a direct appeal of the judgment and sentence of the trial court was taken by Petitioner, Respondent shall furnish the records, or copies thereof, of the appeal proceedings and any subsequent postconviction proceedings.

4. That upon the termination of the proceedings herein, the clerk of this Court will return to the clerk of the proper state court all state court records and transcripts.

5. That Petitioner be granted thirty (30) days after receipt by him of a copy of Respondent's answer and return to file a traverse thereto, admitting or denying, under oath, all

factual allegations therein contained.

6. That the clerk of this Court then return this file to the undersigned judge for such other and further proceedings as may be appropriate; and that the clerk of this Court transmit copies of this order to Petitioner and to the office of the Attorney General for the State of Kansas.

**IT IS SO ORDERED.**

DATED:  This 10th day of June, 2022, at Topeka, Kansas.


S/ Sam A. Crow

SAM A. CROW
U.S. Senior District Judge