IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**RANDY ALLEN MARLER,**

                **Petitioner,**

    v.                                                 **CASE NO. 20-3247-JWL-JPO**

**DONALD LANGFORD,**

                **Respondent.**

**MEMORANDUM AND ORDER**

Petitioner Randy Allen Marler initiated this matter by filing a pro se petition for writ of habeas corpus under 28 U.S.C. § 2254. (Doc. 1.) On September 17, 2021, counsel entered an appearance on Petitioner's behalf. (Doc. 14.) Ultimately, the Court dismissed four of the asserted grounds for relief as time-barred and denied the sole remaining ground on its merits. (Docs. 31 and 38.) After an unsuccessful motion for reconsideration (Doc. 40), Petitioner appealed. (Doc. 42.) The Tenth Circuit docketed the appeal and assigned Appeal No. 22-3196. (Doc. 44.) The matter comes before this Court on Petitioner's motion for leave to appeal *in forma pauperis* (IFP). (Doc. 47.)

"'To qualify for [IFP] status, a petitioner must show "a financial inability to pay the required fees" and "a reasoned, nonfrivolous argument on the law and facts in support of the issues raised on appeal."'" *Drennan v. Pryor*, 662 Fed. Appx. 565, 570 (10th Cir. 2016) (citations omitted). In the motion, Petitioner asserts that he is indigent. (Doc. 47, p.3.) With his motion, Petitioner has submitted an affidavit of financial status (Doc. 47-1) and an inmate account statement (Doc. 47-2.)

Although Petitioner's motion to proceed *in forma pauperis* and his affidavit assert that he cannot pay the filing fee for his appeal, his inmate account statement reflects that as of October 19, 2022, Petitioner had a $2,872.41 cash balance. Thus, Petitioner does not have "a financial inability to pay the required fees" to proceed on appeal and the Court will deny his motion to proceed IFP.

1

The motion now before this Court also briefly refers to Petitioner's desire for the appointment of counsel. (Doc. 47, p. 4.) In an abundance of caution, the Court will address the request. There is no constitutional right to counsel in a federal habeas corpus action. *See Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987). Rather, the decision whether to appoint counsel rests in the Court's discretion. *Swazo v. Wy. Dept. of Corr. State Penitentiary Warden*, 23 F.3d 332, 333 (10th Cir 1994). A court may appoint counsel if it "determines that the interest of justice so require." 18 U.S.C. § 3006A(a)(2)(B). When deciding whether to appoint counsel, the Court must consider "the merits of a prisoner's claims, the nature and complexity of the factual and legal issues, and the prisoner's ability to investigate the facts and present his claims." *Hill v. SmithKline Beecham Corp.*, 393 F.3d 1111, 115 (10th Cir. 2004) (citing *Rucks*, 57 F.3d at 979). "The burden is on the applicant to convince the court that there is sufficient merit to his claim to warrant the appointment of counsel." *Steffey v. Orman*, 451 F.3d 1218, 1223 (10th Cir. 2006)(quoting *Hill*, 393 F.3d at 1115).

The motion now before the Court does not articulate any specific argument that the interests of justice require the appointment of counsel. And after considering the relevant factors, the Court concludes that the interests of justice do not require the appointment of counsel. Thus, to the extent that the motion was intended to request a determination that the appointment of counsel is warranted, the request is denied.

**IT IS THEREFORE ORDERED** that Petitioner's motion for leave to proceed on appeal *in forma pauperis* (Doc. 47) is **denied**. Copies of this order shall be transmitted to Petitioner and to the Clerk of the U.S. Court of Appeals for the Tenth Circuit.

**IT IS SO ORDERED.**

DATED:   This 27th day of October, 2022, at Kansas City, Kansas.

S/ John W. Lungstrum

JOHN W. LUNGSTRUM
United States District Judge